Aubrey L. Gilley,                          )       Appeal No.
        Petitioner/Appellant,              )       01-A-01-9611-CH-00521
v.                                         )
Margaret Culpepper, as Commissioner)
of the Tennessee Department of             )       Rule No.
Employment Security and Forklifts    )       95-3496-II
Unlimited, Inc.                            )
        Respondents/Appellees          )

FILED

May 30, 1997

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE CHANCERY COURT OF DAVIDSON COUNTY

THE HONORABLE ELLEN HOBBS LYLE, CHANCELLOR

JEFFREY RAPPUHN
Willis & Knight
215 Second Avenue North
Nashville, Tennessee 37201
        ATTORNEY FOR PETITIONER/APPELLANT


GEORGE E. COPPLE, JR.
Suite 218, 172 Second Avenue, North
Nashville, Tennessee 37201
        ATTORNEY FOR RESPONDENT/APPELLEE
        FORKLIFTS UNLIMITED, INC.


CHARLES W. BURSON
Attorney General and Reporter

KIMBERLY M. FRAYN
Assistant Attorney General
2nd Floor, Cordell Hull Bldg.
426 Fifth Avenue, North
Nashville, Tennessee 37243-0499
        ATTORNEYS FOR RESPONDENT/APPELLEE
        MARGARET C. CULPEPPER, as Commissioner of
        the Tennessee Department of Employment Security

REVERSED AND REMANDED


SAMUEL L. LEWIS, JUDGE

This is an appeal by petitioner/appellant, Aubrey L. Gilley, from the decision of the chancery court affirming the decision of the Board of Review for respondent /appellee, the Tennessee Department of Employment Security, to deny Mr. Gilley unemployment compensation benefits. The facts out of which this matter arose are as follows.

Respondent/appellee, Forklifts Unlimited, Inc. ("Forklifts"), employed Mr. Gilley from 3 September 1993 through 8 November 1994. Prior to September 1993, Mr. Gilley was convicted of reckless driving and was ordered to pay a fine and court costs of more than $700.00. Mr. Gilley made minimal payments of ten to twenty dollars each month. In late 1993 or early 1994, Mr. Gilley experienced severe financial difficulties as a result of a divorce. He quit making the monthly payments, and the State suspended his licence in either August or September 1994.

Mr. Gilley drove to various job sites as part of his job; thus, a condition of his employment was that he have a valid driver's license. Forklifts learned the State had suspended Mr. Gilley's license and informed Mr. Gilley it would have to terminate him if he did not get his license reinstated. Mr. Gilley did not have the money to reinstate his license, and Forklifts terminated him.

Mr. Gilley applied for unemployment benefits on 20 June 1995. The Tennessee Department of Employment Security denied Mr. Gilley's request for benefits on 3 July 1995. The agency found as follows: "Claimant was discharged from most recent employment because driver's license was suspended. Evidence shows that the job required a valid driver's license. This is considered work-related misconduct. Claim is denied under TCA 50-7-303." Mr. Gilley appealed. The Appeals Tribunal's decision provided, in part, as follows:

> FINDINGS OF FACT: . . . The claimant was involved in several accidents while on the job. He had also received a traffic citation for reckless driving prior to his employment. As a result, the claimant's driver's license was suspended and the employer's insurance company refused to cover the claimant while driving a company vehicle. . . .

CONCLUSIONS OF LAW: . . . The issue is whether the claimant was discharged for misconduct connected with work and therefore is disqualified for benefits, as provided in TCA 50-7-303(a)(2).[1] The claimant's employment was contingent upon him having a driver's license. His driver's license was suspended because he received a citation for reckless driving and because he was involved in several accidents. . . . The claimant lost his job because his driver's license was suspended as a result of the manner in which he operated motor vehicles. Misconduct is intentional behavior that materially breaches a duty the employee owes the employer. The claimant owed the employer a duty of driving in such a manner so as to keep his license.

Thereafter, the Appeals Tribunal affirmed the agency's decision. Mr. Gilley then appealed to the Board of Review ("the Board"). The Board adopted the Appeals Tribunal's findings of fact and conclusions of law and affirmed the Appeals Tribunal's decision.

Next, Mr. Gilley filed a petition for writ of certiorari in the chancery court. The petition alleged the Board misapplied Tennessee law for determining an individual's entitlement to unemployment compensation benefits, the Board's decision was arbitrary and capricious, and the Board's findings were not supported by substantial and material evidence. After a hearing, the court affirmed the Board's decision. The court found "[t]he petitioner's license was suspended by the State of Tennessee in November 1994 and for that reason the petitioner was terminated." The court then concluded as follows: "The misconduct in this case was failing to pay a fine to maintain a driver's license. . . . Given these circumstance, this Court can not say that the decision of the Board of Review is arbitrary or is unsupported by substantial and material evidence." Mr. Gilley filed a timely motion to alter or amend claiming the Board's decision was without basis in law or fact. The court denied the motion on 28 August 1996. Mr. Gilley filed a timely notice of appeal.

I. The Standard of Review

The standard of review in cases such as this is set forth in Tennessee Code Annotated section 50-7-304(I). This section provides:

---

[1] "(a) DISQUALIFYING EVENTS. A claimant shall be disqualified for benefits: . . . (2) If the commissioner finds that a claimant has been discharged from such claimant's most recent work for misconduct connected with such claimant's work . . . ." Tenn. Code Ann. § 50-7-303(a)(2) (Supp. 1996).

(2) The chancellor may affirm the decision of the board or the chancellor may reverse, remand or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

(A) In violation of constitutional or statutory provisions;

(B) In excess of the statutory authority of the agency;

(C) Made upon unlawful procedure;

(D) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion;  or

(E) Unsupported by evidence which is both substantial and material in the light of the entire record.

(3) In determining the substantiality of evidence, the chancellor shall take into account whatever in the record fairly detracts from its weight, but the chancellor shall not substitute the chancellor's judgment for that of the board of review as to the weight of the evidence on questions of fact.  No decision of the board shall be reversed, remanded or modified by the chancellor unless for errors which affect the merits of the final decision of the board.

Tenn. Code Ann. § 50-7-304(i)(2)&(3) (Supp. 1996).  The same standard applies to this court.  *Armstrong v. Neel*, 725 S.W.2d 953, 955 n.1 (Tenn. App. 1986).

This statute not only sets forth the standard of review, but it also establishes which decision the court is to review.  Based on the plain language of the statute, this court's role is to review the Board's decision, not the chancery court's decision.  Thus, in this case, we must look to the Appeal Tribunal's reasoning because the Board adopted that reasoning as the basis of its decision to affirm.

This is an important distinction because the various bodies examining the evidence in this case have come to different conclusions.  To explain, the agency initially determined Mr. Gilley was discharged because his driver's license was suspended.  The agency did not provide any further explanation.  The Appeals Tribunal also found Mr. Gilley lost his job because his driver's license was suspended.  In addition, the Appeals Tribunal found the suspension was the result of Mr. Gilley receiving a reckless driving citation and having several accidents while on the job.[2]  The Board adopted and affirmed this finding of fact.  Finally, the chancery court also agreed Mr. Gilley was discharged because his driver's license was suspended.  The chancery court, however, concluded the license was suspended

---

[2] This finding appears in both the findings of fact and the conclusions of law portions of the Appeals Tribunal's decision.  It is the opinion of this court that this is a finding of fact, not a conclusion of law.

4

because Mr. Gilley had failed to pay the fine resulting from his reckless driving citation. The Appeals Tribunal's decision does not even mention Mr. Gilley's failure to pay the fine.

## II.    Findings of Fact

The evidence in this case consisted of the testimony of Mr. Gilley and Mr. Douglas Carrigan, the president of Forklifts. The administrative record also included the documents completed by Mr. Gilley when he applied for unemployment and a statement from Mr. Carrigan regarding Mr. Gilley's termination. Finally, there was a letter from State Farm, Forklifts' insurance company, to Mr. Carrigan regarding State Farms' inability to insure Mr. Gilley.

The administrative findings were all supported by substantial and material evidence save one. Specifically, the finding that the State suspended Mr. Gilley's license as a result of Mr. Gilley receiving a reckless driving citation and having several accidents while on the job is not supported by any evidence. There is substantial and material evidence that Mr. Gilley received a citation and a fine for reckless driving. There is also substantial and material evidence that Mr. Gilley had several, that is more than two, accidents while on the job.[3] There is, however, no evidence these two facts were the reason why the State suspended Mr. Gilley's license. Mr. Gilley reported in his application for unemployment that his license was revoked because he "got behind in a wreckless [sic] driving fine." He later testified at the hearing that "[t]he suspension came as a result of failing to make monthly payments." There was no evidence that contradicted Mr. Gilley's statements.

## III.   Conclusion

Pursuant to Tennessee Code Annotated section 50-7-304(i)(3) this court may not reverse, remand, or modify a decision of the Board unless the error affects the merits of the case. It is the opinion of this court that this error is significant and

---

[3] Mr. Gilley argues there was insufficient evidence to support the finding that Mr. Gilley was involved in "several" accidents because the evidence only showed that Mr. Gilley was at fault in two of the accidents. Mr. Gilley's arguments are without merit. Regardless of whether he was at fault, he was involved in three accidents.

certainly affects the merits of this case. To explain, the Board relied on the administrative finding at issue to conclude Mr. Gilley breached a duty owed to Forklifts. Because Mr. Gilley breached his duty to Forklifts, the Board held he was guilty of misconduct connected with work and denied him benefits pursuant to Tennessee Code Annotated section 50-7-303(a)(2).

The notice of in-person hearing sent to Mr. Gilley from the Department contained a statement of the issues in the case. This statement included the issues of whether Tennessee Code Annotated section 5-7-303(a)(1)[4] or (2) exempted Mr. Gilley from the receipt of benefits. None of the decisions filed in this case addressed the issue of whether Tenn. Code Ann. § 50-7-303(a)(1) applied to the facts presented here. Thus, it is the opinion of this court that the case should be remanded for consideration of the unaddressed issue and for any further necessary proceedings.

Therefore, it follows that the decision of the chancery court is reversed, and the case is remanded to the Department for consideration of whether Tennessee Code Annotated section 50-7-303(a)(1) applies to Mr. Gilley's case and for any further necessary proceedings. Costs on appeal are taxed to respondents/appellees, Margaret Culpepper, as Commissioner of the Tennessee Department of Employment Security, and Forklifts Unlimited, Inc.

_____
SAMUEL L. LEWIS, JUDGE

CONCUR:

_____
BEN H. CANTRELL, JUDGE

WILLIAM C. KOCH, JR, JUDGE,
CONCURRING IN SEPARATE OPINION

_____

[4] "(a) DISQUALIFYING EVENTS. A claimant shall be disqualified for benefits: (1) If the commissioner finds that the claimant has left such claimant's most recent work voluntarily without good cause connected with such claimant's work." Tenn. Code Ann. § 50-7-303(a)(1) (Supp. 1996).